BOBBY BLACKMON,                    )
                                   )        **Sumner County Circuit**
    **Plaintiff/Appellant,**        )        **No. 12837-C**
                                   )
**VS.**                            )
                                   )
**STEVEN F. GLASER,**              )        **Appeal No.**
                                   )        **01A01-9606-CV-00269**
    **Defendant/Appellee.**        )


## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

**March 6, 1998**

Cecil W. Crowson
Appellate Court Clerk

### APPEAL FROM THE CIRCUIT COURT OF SUMNER COUNTY
### AT GALLATIN, TENNESSEE

### HONORABLE THOMAS GOODALL, JUDGE


Bobby Blackmon, Pro Se
Middle Tennessee Reception Center
7177 Cockrill Bend Industrial Center
Nashville, TN 37209-1005
ATTORNEY FOR PLAINTIFF/APPELLANT


Curtis M. Lincoln, BPR #2538
175 East Main Street, 2nd Floor
Hendersonville, TN 37075
ATTORNEY FOR DEFENDANT/APPELLEE


### APPEAL DISMISSED AND CAUSE REMANDED.


                          HENRY F. TODD
                          PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

BEN H. CANTRELL, JUDGE
WALTER W. BUSSART, JUDGE

| BOBBY BLACKMON, | ) | |
|---|---|---|
| | ) | **Sumner County Circuit** |
| **Plaintiff/Appellant,** | ) | **No. 12837-C** |
| | ) | |
| VS. | ) | |
| | ) | |
| STEVEN F. GLASER, | ) | **Appeal No.** |
| | ) | **01A01-9606-CV-00269** |
| **Defendant/Appellee.** | ) | |

# O P I N I O N

The plaintiff, Bobby Blackmon, has appealed from a judgment reading as follows:

> The Motion to Set Pretrial Management Conference is overruled.
>
> This order shall be considered as a final judgment disposing of any claim, right or liability of any party as contemplated by T.R.A.P. Rule 3(a).
>
> IT IS SO ORDERED this 1st day of March, 1996.

The record received by the Clerk of this Court on June 21, 1996, consists of the following documents:

1. A one-page opinion of this Court filed on February 21, 1996, in a previous appeal of this same case. Said opinion holds that the appeal is not from a final appealable judgment, and dismisses the appeal without prejudice, but states:

> On motion the present record may be made a part of the record of such further appeal.

Without such a motion, notice to adversary, opportunity to object and an order of this Court, there can be no such consolidation. No such procedure appears on the records of this Court.

2. A motion filed by plaintiff in the Trial Court seeking a pretrial management conference.

3. The above quoted March 1, 1996, order of the Trial Court.

4.      Plaintiff's notice of appeal from the March 1, 1996, order, filed March 11, 1996.

5.      A designation of Record filed by plaintiff, March 11, 1996, and listing the following documents:

      1.      Order of the Court of Appeals, Appeal #01-A-01-9510-CV-00440;
      2.      Order of trial court entered and filed on March 1, 1996;
      3.      Notice of Appeal;
      4.      Plaintiff's motion to set pretrial management conference.

6.      Motion to appeal as a pauper filed by plaintiff, March 14, 1996.

7.      An order of the Trial Court finding that plaintiff is qualified to proceed as a pauper.

A second record received by the Clerk of this Court on June 27, 1996, contains only an order entered by the Trial Court on June 24, 1996, reading as follows:

> The suit of the Plaintiff is dismissed.  Costs are assessed to the Plaintiff.  IT IS SO ORDERED this 24th day of June, 1996.

Inexplicably, no further filings were received by the Clerk of this Court from June 24, 1996, until December 23, 1997.

On December 23, 1997, the Clerk of this Court received a "Brief of the Appellant" in which the single issue on appeal is stated as follows:

> I.      Whether the Trial Court erred by GRANTING a second successive Summary Judgment for the Defendant, after the REVERSAL AND REMANDING of this same cause by the Court of Appeals on March 03, 1995, and ORDERED to set this cause for trial.

TRAP Rule 3(A) provides that the notice of appeal shall designate the appeal from which relief is sought.  Appellant's notice of appeal designates the order entered by the Trial Court on March 1, 1996, quoted above.  Said order, which is designated in appellant's

designation of the record, quoted above, does not contain a summary judgment. It merely overrules a motion to set a pretrial conference.

It is true that the order contains the words, "final judgment", but it does not dispose of all issues and is not in the form prescribed by TRCP Rule 54.02, and is therefore not a final judgment.

The brief of appellant refers to the records of previous appeals of this same case which records have not been consolidated with the record of this appeal.

Appellant's brief cites no part of said previous records which would support his complaint as to the March 1, 1996, order of the Trial Court.

Appellant's brief states that, on December 10, 1997, he filed a motion to suspend the requirements of Tennessee Rules of Appellate Procedure. Said motion was overruled on December 16, 1997.

This Court is unable to address the arguments of appellant's brief regarding summary judgment because no motion for summary judgment, no evidence offered in support and opposition thereto, and no summary judgment appears in this record.

Likewise, this Court is unable to address the issues and arguments presented by the appellee because the records of the successive appeals have not been consolidated and the present record does not support said argument.

Since it does not appear from this record that this controversy has been finally resolved by the Trial Court, this appeal is dismissed at the cost of appellant, and the cause is remanded to the Trial Court for further proceedings.

## APPEAL DISMISSED AND CAUSE  REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WALTER W. BUSSART, JUDGE